UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESIA C. ALFORD,

   Appellant,

 -v-              1:14-CV-558

CHRISTIAN H. DRIBUSCH, in his capacity
as Chapter 7 Trustee to the bankruptcy
estate of Lesia C. Alford,

   Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:          OF COUNSEL:

LESIA C. ALFORD
Appellant, Pro Se
2246 Western Avenue
Guilderland, NY 12084

THE DRIBUSCH LAW FIRM      CHRISTIAN H. DRIBUSCH, ESQ.
Attorneys for Appellee
1001 Glaz Street
East Greenbush, NY 12061

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

  Pro se appellant Lesia C. Alford ("Alford" or "appellant") appeals from Chief United States Bankruptcy Judge Robert E. Littlefield, Jr.'s February 12, 2014 order approving Chapter 7 Trustee Christian H. Dribusch's (the "Trustee") proposed settlement of her personal injury claim. The motion was fully briefed and considered on the basis of the

submissions without oral argument.

## II. **BACKGROUND**

On July 27, 2012, Alford filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  See Notice of Appeal, ECF No. 1, 2.[1]  This petition included schedules listing appellant's real and personal property as well as her claimed exemptions.  See Appellant's Designation, ECF No. 2, 21-24 ("Alford Record").  As relevant here, appellant's amended Schedule B included a personal injury claim arising from a September 9, 2009 rollover automobile accident.  Id. at 22.  Thereafter, the Trustee's counsel negotiated a settlement of this personal injury claim for $70,000 and the mutual exchange of releases.  Id. at 47.  The Trustee then moved the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 9019(a) for an order approving this settlement.  ECF No. 3-1.  No one other than appellant objected to the Trustee's proposal.  Alford Record at 52-57.

On February 12, 2014, the bankruptcy court heard oral argument on the Trustee's motion.  Appellee's Designation, ECF No. 3-4 ("Hearing Transcript").  The Trustee appeared in support of the motion.  He noted that, after Chief Judge Littlefield had denied a prior Rule 9019 motion, he had secured an additional $5,000 with "minimal additional expense" to the estate.  Id. at 3.  He also noted that because the $70,000 proposal had been reached on an hourly basis, the one-third contingency fee customarily applicable to personal injury claims would not be subtracted from this recovery, resulting in a significant surplus to the estate.  Id. at 4.  Alford, appearing through counsel in opposition, objected primarily to the Trustee's

---

[1] Pagination corresponds to that assigned by CM/ECF.

decision not to appoint special counsel in settling the matter.[2]  Id. at 5.

After considering the pleadings as well as the parties' arguments, Chief Judge Littlefield concluded that the Trustee's proposal was "well within the range of reasonableness under the 2nd Circuit test."  Hearing Transcript at 13.  The Judge entered a written order memorializing his findings and approving the Trustee's motion that same day.  ECF No. 2, 56.  Alford appealed this order on February 26, 2014.[3]  Appellee's Designation, ECF No. 3-3.

### III. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees issued by bankruptcy courts, reviewing the bankruptcy court's legal conclusions de novo and its factual findings for clear error.  28 U.S.C. § 158(a)(1); In re Bennett Funding Grp., Inc., 146 F.3d 136, 138 (2d Cir. 1998).  Importantly, "[a] bankruptcy court's decision to approve a settlement, . . . is reviewed extremely deferentially and is not overturned unless its decision is manifestly erroneous and a clear abuse of discretion."  In re Cousins, 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010) (citation and internal quotation marks omitted).  "Such a deferential standard is appropriate because a bankruptcy court is in the best position, as the . . . ongoing supervisory court for the bankruptcy proceeding, to determine whether a compromise is in the best interest of the estate and [is] fair and equitable."  Id. (citation omitted).  Indeed, reversal is appropriate only "if no reasonable man could agree with the decision to approve a settlement."  Id. (citation omitted).

---

[2]  A representative of the U.S. Trustee's Office also appeared, but did not oppose the settlement.  ECF No. 3-4, 2.

[3]  While her appeal was pending, Alford moved in the district court for a stay.  ECF No. 9.  That request was denied on September 12, 2014.  ECF No. 17.

- 3 -

## IV. **DISCUSSION**

Alford purports to raise six discrete issues in her appeal, but the first four issues presented—challenges to the propriety of the Trustee's actions or omissions in prior proceedings before the bankruptcy court in the underlying case—are not properly raised here. See Appellant's Brief, ECF No. 13,10. However, appellant's remaining issues presented—whether the bankruptcy court "was partial in the law" and whether the Judge "made a mistake" by signing the [February 12, 2014] [o]rder—are construed as a challenge to the bankruptcy court's approval of the Trustee's proposed settlement under Rule 9019 and may be reviewed here. § 158(a)(1).

Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a)(1). "In undertaking an examination of the settlement, . . . th[e] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (internal quotation marks and citation omitted); In re Hilsen, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) ("[T]he court must do neither more nor less than canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness from the perspective of the bankruptcy estate." (internal quotation marks omitted)).

The Supreme Court has instructed that in assessing a proposed settlement, the bankruptcy court should consider the likelihood of success on the claim, as well as "the complexity, expense, and likely duration of litigation, . . . and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, Inc. v.

Anderson, 390 U.S. 414, 424 (1968). "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in this Circuit have set forth factors for approval of settlements based on the original framework announced in TMT Trailer Ferry." In re Iridium Operating LLC, 478 F.3d 452, 462 (2d Cir. 2007) (footnote and citations omitted). These factors include:

> (1) [T]he balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (quoting In re WorldCom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y.2006)).

As an initial matter, the bankruptcy court expressly acknowledged the governing legal standard—noting its conclusion that the Trustee's proposal was "well within the range of reasonableness under the 2nd Circuit test." Hearing Transcript at 13. And a further review of the submissions and record reveals that Chief Judge Littlefield's application of that legal standard to the facts of the Trustee's proposal was not an abuse of discretion.

Chief Judge Littlefield noted that the insurance policy at issue in the personal injury litigation was valued at $100,000. Hearing Transcript at 3. He further noted that although he had withheld approval of a prior Rule 9019 request by the Trustee for a lesser settlement amount, it was still important to take a "realistic, real-world view" of how much farther the Trustee could "push the envelope" in pressing for a greater settlement, especially

considering that the current proposal equaled seven-tenths of the policy's face value.  Id.
The Judge also noted that Alford's objection, rooted in her belief that the appointment of
special counsel for the personal injury claim would have led to a greater settlement, would
likely have required a contingency fee arrangement that imposed "additional administrative
cost."  Id. at 5.

Chief Judge Littlefield further considered the "competency and experience of counsel"
supporting the proposal, noting that the Trustee has "done his usual professional job" on this
matter.  Hearing Transcript at 14.  The Judge also inquired of the U.S. Trustee's position on
the proposal, whose representative confirmed that his office concurred and had no
objection.  Id.  Notably, the Judge had regularly presided over the Chapter 7 proceedings in
this case and was familiar with the particular facts leading to the settlement.

Finally, it was not error for the bankruptcy court to decline to hold an evidentiary
hearing.  "[T]here is no legal requirement that a bankruptcy court hold an evidentiary hearing
before approving a settlement."  In re SageCrest II, LLC, 2011 WL 134893, at *10 (D. Conn.
Jan. 14, 2011) (footnote and citations omitted).  In response to Alford's protestations, Chief
Judge Littlefield noted that the "range of acceptable numbers" can be clearly discerned from
the pleadings, the Trustee's filings, and appellant's filings in opposition.  Hearing Transcript at
13.

A review of those documents only confirms Chief Judge Littlefield's conclusion.  There
was ample material in the existing record—especially when combined with the Judge's
particularized knowledge of the facts of the bankruptcy proceeding and his prior refusal to
approval the Trustee's less valuable settlement proposal—to determine that the instant
settlement agreement satisfied the requisite standard.  In so doing, the bankruptcy court

fulfilled its obligation to consider the appropriate factors in balancing the value of further litigation against the realistic benefits of the settlement proposal. Accordingly, the bankruptcy court's February 12, 2014 order approving the Trustee's proposed settlement will be affirmed.

## V. CONCLUSION

District courts must remain mindful that "settlements are strongly favored in the bankruptcy context, as they 'help clear a path for the efficient administration of the bankrupt estate.'" In re Ambac Fin. Grp., Inc., 2011 WL 6844533, at *2 (S.D.N.Y. Dec. 29, 2011) (citation omitted). Chief Judge Littlefield's approval of the Trustee's settlement proposal was neither "manifestly erroneous" nor a "clear abuse of discretion." In re Cousins, 2010 WL 5298172, at *3.

Therefore, it is

ORDERED that

The February 12, 2014 order of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 19, 2014
     Utica, New York.